UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05-CV-P132-H

**NORBERT STEVEN WILCOX**                                                                   **PETITIONER**

**v.**

**JAMES L. MORGAN**                                                                                 **RESPONDENT**

**MEMORANDUM OPINION**

This matter is before the Court on a response to a show cause order, entered March 31, 2004, following preliminary review, pursuant to Rule 4, Rules Governing § 2254 Cases. *See* 28 U.S.C.A. following § 2254. Petitioner, Norbert Steven Wilcox, *pro se*, seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a state conviction on Fourth and Fourteenth Amendment grounds. The Court will dismiss the petition without prejudice for failure to exhaust available state remedies.

**I.**

A jury convicted Petitioner of one count, first-degree sodomy and four counts, first-degree sexual abuse, and Petitioner was sentenced to twenty years imprisonment. *See Wilcox v. Commonwealth*, 2004 WL 2364815 (Ky. 2004). The trial court entered the Judgment of Conviction and Sentence on June 30, 2003. Petitioner appealed directly to the Kentucky Supreme Court, which affirmed the conviction, October 21, 2004, and which denied rehearing, December 16, 2004.

Petitioner now seeks federal relief, without having pursued state post-conviction remedies. Petitioner argues four grounds for relief: 1) coercion of victims' testimony; 2) unlawful arrest; 3) unlawful search and seizure of evidence; and 4) biased juror. Petitioner has presented none of these issues, including the juror claim, to the state courts. *See Wilcox v.*

*Commonwealth*, 2004 WL 2364815 (Ky. 2004).

Unless a petitioner has "exhausted the remedies available in the courts of the State," the district court shall not grant a writ of habeas corpus. § 2254(b)(1)(A). The exhaustion-of-remedies doctrine requires the petitioner to "raise, by any available procedure, the question presented" in the state courts. § 2254(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) (stating that state courts must have first opportunity to remedy convictions that violate federal law). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Silverburg v. Evitts*, 993 F.2d 124 (6th Cir. 1993).

In Kentucky, a prisoner may challenge a conviction after it becomes final by a motion to vacate, set aside or correct a sentence pursuant to Kentucky Rule of Criminal Procedure 11.42. This remedy is available if the motion is filed within three years after the judgment becomes final. Ky. R. Crim. Proc. 11.42 (Baldwin 2004); *Wiley v. Sowders*, 647 F.2d 642 (1981). Even if the state court declines to address a claim, a federal petition satisfies the exhaustion requirement as long as the petitioner "fairly presents" each violation of federal law for state court review. *Id.* at 646-47; *see also Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (discussing the federal habeas one-year limitations period).

Because Petitioner has not satisfactorily demonstrated exhaustion of his state remedies, the Court will deny the petition and dismiss without prejudice. The Court will enter a separate order.

**II.**

The Court will now address Petitioner's right of appeal, under 28 U.S.C. § 2253.  This statute provides there is no right of appeal from a final order in a habeas corpus proceeding to the court of appeals unless "the judge issues a certificate of appealability."  *Id*.  The judge may issue a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right."  When dismissal rests on procedural grounds, a right of appeal arises if "jurists of reason would find it debatable" whether the procedural ruling is correct and whether the petition states a valid constitutional claim.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because the Court is satisfied no jurists of reason would find debatable whether Petitioner exhausted available state remedies, the Court will deny a certificate of appealability.

Dated:

cc:     Petitioner

4412.007